IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA ALBARADO, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. a/k/a and d/b/a as UPS; FEDERAL EXPRESS CORPORATION a/k/a and d/b/a as FEDEX CORPORATION <br><br> Defendants | § § § § § § § § § § § § § § Civil Action No.: 5:24-cv-00756 |

**DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO DISMISS**

Defendant Federal Express Corporation ("FedEx")[1] files this Motion to Dismiss seeking dismissal of all claims asserted in this matter because they are preempted by federal law, are not cognizable as a private cause of action and, as to the adult plaintiffs, are barred by the applicable statute of limitations. In support of this motion, FedEx shows as follows:

---

[1] FedEx is incorrectly named as "Federal Express Corporation A.K.A. and DBA as FedEx Corporation." But FedEx Corporation is the parent company of Federal Express Corporation. Federal Express Corporation does not use the name or do business as FedEx Corporation. The two companies are separate and FedEx Corporation is no longer a named defendant in this case.

# TABLE OF CONTENTS

Page

I. INTRODUCTION & SUMMARY OF THE ARGUMENT ........................................................ 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. ARGUMENTS & AUTHORITIES ........................................................................................ 3

    A. Motion to Dismiss Standard ........................................................................................ 3

    B. Plaintiff's State-Law Claims are Preempted by the ADA ........................................... 4

        1. ADA Preemption ................................................................................................ 4

        2. Plaintiff's Claims Are All State-Law Claims Related to the Core Transportation Service Provided by FedEx ............................................................................... 7

    C. Plaintiffs Cannot Bring a Private Cause of Action for a Penal Code Violation ...................... 9

    D. The Adult Plaintiff's Claims are Barred by the Applicable Statute of Limitations .............. 10

IV. CONCLUSION AND PRAYER ........................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.H. Belo Corp. v. Corcoran*,
  52 S.W.3d 375 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)..........................................9

*American Airlines, Inc. v. Wolens*,
  513 U.S. 219 (1995)....................................................................................................................5

*Ashley v. Hawkins*,
  293 S.W.3d 175, 179 (Tex. 2009)............................................................................................11

*Babiy v. Kelley*,
  No. 05-17-01122-CV, 2019 Tex. App. LEXIS 2097 (Tex. App.—Dallas Mar.
  14, 2019, no pet.) ........................................................................................................................7

*Bickham v. Dallas Cnty.*,
  612 S.W.3d 663 (Tex. App.—Dallas 2020, pet. denied) ...........................................................9

*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) ........................................................................................................3

*Breitling U.S.A, Inc. v. Federal Express Corp.*,
  45 F.Supp.2d 179 (D. Ct. 1999)..................................................................................................8

*Brown v. De La Cruz*,
  156 S.W.3d 560 (Tex. 2004).......................................................................................................9

*Brown v. United Airlines, Inc.*,
  720 F.3d 60 (1st Cir. 2013).................................................................................................5, 7, 8

*Cash Am. Pawn, L.P. v. Federal Express Corp.*,
  109 F.Supp.2d 513 (N.D. Tex. 2000) .........................................................................................8

*Conservation Force v. Delta Air Lines, Inc.*,
  190 F.Supp.3d 606 (N.D. Tex. 2016) .........................................................................................7

*Deerskin Trading Post v. United Parcel Service*,
  972 F. Supp. 665 (N.D. Ga. 1997) .............................................................................................7

*Elephant Ins. Co. v. Kenyon*,
  644 S.W.3d 137 (Tex. 2022).......................................................................................................7

*Federal Express Corp. v. United States Postal Serv.*,
  55 F.Supp.2d 813 (W.D. Tenn. 1999).....................................................................................5, 8

*Frith v. Guardian Life Ins. Co. of Am.*,
    9 F.Supp.2d 734, 737-38 (S.D. Tex. 1998)..................................................................................4

*Hansler v. Mainka*,
    807 S.W.2d 3 (Tex. App.—Corpus Christi 1991, no writ).......................................................11

*Headstream Techs, LLC v. FedEx Corp.*,
    No. 22-1410, 2023 U.S. App. LEXIS 2680 (6th Cir. Feb. 1, 2023) ......................................6, 8

*Hodges v. Delta Airlines, Inc.*,
    44 F.3d 334 (5th Cir. 1995) ........................................................................................................5

*Hoffmann-La Roche, Inc. v. Zeltwanger*,
    144 S.W.3d 438 (Tex. 2004).......................................................................................................7

*Jones v. Alcoa*,
    339 F.3d 359 (5th Cir. 2003) ......................................................................................................4

*Jones v. Bock*,
    549 U.S. 199 (2007)....................................................................................................................4

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*,
    283 F.3d 282 (5th Cir. 2002) .................................................................................................5, 6

*Naranjo v. Universal Sur. of Am.*,
    679 F.Supp.2d 787 (S.D. Tex. 2010) ..........................................................................................4

*Northwest, Inc. v. Ginsberg*,
    572 U.S. 273 (2014).................................................................................................................6, 7

*Onoh v. Nw. Airlines, Inc.*,
    613 F.3d 596 (5th Cir. 2010) ......................................................................................................5

*Onoh v. Nw. Airlines, Inc.*,
    No. 3:08-CV-1110-N, 2009 U.S. Dist. LEXIS 155142 (N.D. Tex. Sept. 1, 2009) ...................8

*Pa. Ins. Co. v. Fed. Express Corp.*,
    No. 8:23-CV-274, 2024 U.S. Dist. LEXIS 156221 (D. Neb. Aug. 30, 2024) ...........................7

*Perry v. Lockhart, Morris & Montgomery, Inc.*,
    No. 3:24-cv-00021, at *6 (Apr. 26, 2024), *report and recommendation adopted*,
    2024 WL 2193404 ....................................................................................................................10

*Prolux v. Wells*,
    235 S.W.3d 213 (Tex. 2007).....................................................................................................11

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ......................................................................................................4

*Rigo Mfg. Co. v. Thomas*,
    458 S.W.2d 180 (Tex. 1970)..................................................................................................11

*Rodger Blanco v. Federal Express*,
    741 Fed. Appx. 587 (10th Cir. 2018)......................................................................................8

*Rojas v. Citimortgage, Inc.*,
    No. 13-16-00257-CV, 2017 Tex. App. LEXIS 8729 (Tex. App.—Corpus Christi
    Sept. 14, 2017, no pet.) .........................................................................................................11

*Samtech Corp. v. Fed. Express Corp.*,
    No. H-03-0024, 2004 U.S. Dist. LEXIS 27123 (S.D. Tex. May 28, 2004)..............................8

*Schoene v. Spirit Airlines, Inc.*,
    No. 3:22-cv-1568-SI, 2023 U.S. Dist. LEXIS 86350 (D. Or. May 17, 2023) .........................7

*Slagle v. Prickett*,
    345 S.W.3d 693 (Tex. App.—El Paso 2011, no pet.)............................................................12

*Spurlock v. Johnson*,
    94 S.W.3d 655 (Tex. App.—San Antonio 2002, no pet.)........................................................9

*Tex. Med. Res. LLP v. Molina Healthcare of Tex., Inc.*,
    659 S.W.3d 424 (Tex. 2023)....................................................................................................9

*Tobin v. Fed. Express Corp.*,
    775 F.3d 448 (1st Cir. 2014)................................................................................................6, 7

*United Airlines, Inc. v. Mesa Airlines, Inc.*
    219 F.3d 605 (7th Cir. 2000) ..................................................................................................6

*Whiddon v. Chase Home Fin., LLC*,
    666 F.Supp.2d 681 (E.D. Tex. 2009).......................................................................................4

*Woods v. Lange*,
    No. 6:23-CV-00330, 2023 WL 8723229 (W.D. Tex. Nov. 27, 2023), *report and
    recommendation adopted*, 2023 WL 8723203......................................................................10

**Statutes**

18 U.S.C. § 922 ............................................................................................................................10

40 U.S.C. § 10102(a)(2)..................................................................................................................8

AIRLINE DEREGULATION ACT ("ADA"), 49 U.S.C. §41713, *et. seq.*...................................... *passim*

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ............................................................................10, 11

## I.   INTRODUCTION & SUMMARY OF THE ARGUMENT

This lawsuit arises out of the tragic school shooting that occurred at Robb Elementary School on May 24, 2022. FedEx has been sued based on the (incorrect) factual allegation that it shipped a gun that was eventually purchased and used by Salvador Ramos in the shooting. As to FedEx, this entire matter should be dismissed. In the first place, the adult plaintiffs' claims are barred by Texas' two-year statute of limitations. Additionally, it appears Plaintiffs have only asserted state-law claims for negligence per se, negligence, gross negligence, violation of a state criminal statute and intentional infliction of emotional distress. Those claims are all preempted and barred by the Airline Deregulation Act of 1978 ("ADA"). There is also no private cause of action to pursue a violation of the criminal statutes cited by Plaintiffs. Accordingly, the Court should dismiss all claims against FedEx.

## II.   FACTUAL BACKGROUND

Plaintiffs filed this lawsuit in state court on May 24, 2024. (*See* Docket No. 1-1). It has been amended at least twice and currently includes twenty (20) plaintiffs who are adults: Patricia Albarado, Erica Barrera, Michael Brown, Jennifer Davis, Angeli-Rose Gomez, Luz Hernandez, Carla Rose King, Tiffany Luna, Tamica Martinez, Tiffany Massey, Yolanda Morales, Nicole Fay Ogburn, May Ann Reyes, Bianca Rivera, Jennieka Rodriguez, Brenda Sonora, David Trevino, Krystal Upton, Esmeralda Velasquez, and Sofia Zapata (the "Adult Plaintiffs"). (Dkt. Nos. 13 & 24 at pg. 1).

What is believed to be Plaintiffs' live pleading is a mish-mash of disconnected allegations, contradictions and is almost impossible to understand. It alleges that, on May 24, 2022, Salvador Ramos "murdered, assaulted, kidnapped, and terrorized the teachers and students at Robb Elementary School in Uvalde, Texas." (Dkt. No. 24 at pg. 3, ¶2). Plaintiffs claim they "suffered mental and emotional trauma" as a result of having to hear Ramos shooting in the school. (*Id.* at

pg. 4, ¶2). Plaintiffs assert that Ramos used a Daniel Defense AR-15 in the shooting and that it had been converted into an automatic or semi-automatic weapon with the use of a Hellfire Gen 2 trigger. (*Id.*).

As it pertains to FedEx, Plaintiffs' allegations are very hard to follow. Plaintiffs begin by claiming that Daniel Defense sold the AR-15 used in the shooting to Ramos, who was not 18 years of age at the time, and that FedEx transported the gun without inquiring as to Ramos' age. (*Id.* at pg. 6, ¶8). Plaintiffs go on to allege that FedEx shipped the gun "to a location that was within 1000 feet of a school zone," presumably Ramos' home. (*Id.* at pg. 6, ¶9). Later in the same pleading, Plaintiffs assert that Ramos was, in fact, over 18 when he obtained the AR-15 and that it was not shipped to him at all, but instead shipped to Oasis Firearms, in Uvalde, Texas, which sold one AR-15 to Ramos on May 17, 2024 (after he was 18) and a second on May 20, 2022 (also after he turned 18). (*Id.* at pg. 8, ¶¶12-13, pg. 11, ¶17 & pg. 13, ¶25). Other times, Plaintiffs revert to their claim that FedEx shipped one of the AR-15s used in the shooting directly to Ramos, but acknowledge it was after he turned 18. (*Id.* at pg. 9, ¶15).

Based on their factual allegations, it appears that Plaintiffs claim FedEx was negligent per se for shipping a firearm within 1000 feet of a school zone; for failure to forward a signed sworn statement to Ramos's residence and receive a return receipt evidencing delivery of the statement; for failure to delay shipment or delivery of the gun for seven days following receipt of the statement; and, at one point, Plaintiffs appear to assert a negligence per se cause of action based on violations of FedEx's contract of carriage.[2] (*Id.* at pg. 5, ¶5 & pg. 7, ¶10). But later in their pleading, Plaintiffs allege that Daniel Defense and Oasis were responsible for and did not do these

---

[2] To which neither Plaintiffs nor Ramos would have been a party given the allegation that the gun was shipped from Daniel Defense to Oasis Firearms.

things. (*Id.* at pg. 11, ¶17). Based on Texas Penal Code § 46.14, Plaintiffs claim FedEx engaged in firearm smuggling because, apparently, Daniel Defense and Oasis Firearms did not get a signed sworn statement from Ramos regarding his age. (*Id.* at pg. 9, ¶14). It is unclear what this has to do with FedEx. Plaintiffs also appear to assert a general negligence claim against FedEx along with a claim for gross negligence. (*Id.* at pg. 10, ¶16, pg. 15, ¶34-pg.19, ¶45). Lastly, Plaintiffs make a claim for intentional infliction of emotional distress. (*Id.* at pg. 19, ¶¶48-52). All of Plaintiffs' causes of action arise out of their complaints about the manner in which FedEx allegedly shipped an AR-15 on behalf of a seller (Daniel Defense) to a purchaser (Oasis Firearms).

Although Plaintiffs filed the lawsuit on the second anniversary of the shooting, they did nothing to formally serve FedEx with the lawsuit. In fact, after filing the lawsuit in May 2024 it sat stagnant in state court until UPS removed it to this Court on July 9, 2024. (Dkt. No. 1). Plaintiffs originally, and incorrectly, named FedEx Corporation as the FedEx defendant. (Dkt. No. 1-1). But FedEx Corporation does not transport or ship anything. As a result, Federal Express Corporation was not named in the suit until August 9, 2024. (Dkt. No. 13). Then, nothing happened until August 22, 2024 when FedEx was asked to sign a Waiver of Service. (Dkt. No. 17). This was three months after the statute of limitations deadline passed. Since then, Plaintiffs have amended (or attempted to amend) their complaint more than once but they have never asked for a subsequent Waiver of Service as to any amended pleadings or otherwise served FedEx with those pleadings.

### III.   ARGUMENTS & AUTHORITIES

**A.   Motion to Dismiss Standard**

An action may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss from being granted. *Blackburn v. City of Marshall,* 42 F.3d 925,

3

931 (5th Cir. 1995). Dismissal under Rule 12(b)(6) can be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See, e.g., Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.,* 9 F.Supp.2d 734, 737-38 (S.D. Tex. 1998).

A statute of limitations defense is properly raised in a Rule 12(b)(6) motion to dismiss where the plaintiff's pleadings demonstrate that the action is time-barred and the plaintiff fails to raise some basis for tolling. *Jones v. Alcoa,* 339 F.3d 359, 366 (5th Cir. 2003); *Naranjo v. Universal Sur. of Am.,* 679 F.Supp.2d 787, 798 (S.D. Tex. 2010); *Whiddon v. Chase Home Fin., LLC,* 666 F.Supp.2d 681, 686 (E.D. Tex. 2009); *see also Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

**B.  Plaintiff's State-Law Claims are Preempted by the ADA**

Plaintiff's Second Amended Complaint appears to allege five causes of action against FedEx: 1) negligence per se; 2) ordinary negligence; 3) gross negligence; 4) violation of Tex. Penal Code § 49.14 and; 5) intentional infliction of emotional distress. (*See* Dkt. No. 24). All of these are state-law claims and all arise from Plaintiffs' complaints about how FedEx allegedly shipped the AR-15 used by Ramos in the Robb Elementary School shooting. Because Plaintiffs' state-law claims necessarily arise from and relate to the services of an airline (FedEx), they are preempted by the ADA and should be dismissed.

   1.  *ADA Preemption*

The United States Supreme Court and numerous state and federal courts have routinely held that state law tort claims against federally certificated air carriers are generally barred by the Airline Deregulation Act ("ADA"). 49 U.S.C. §41713, *et. seq.* In passing the ADA, Congress determined "that efficiency, innovation, low prices, variety, and quality would be promoted by

4

reliance on competitive market forces rather than pervasive federal regulation." *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 335 (5th Cir. 1995). The ADA "largely deregulated air transport" and ensured that the "States would not undo federal deregulation with regulation of their own." *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 222 (1995). Accordingly, the ADA prohibits state law claims when the claims are related to the prices, routes or services of an airline, like FedEx. Specifically, the ADA includes an explicit, broad federal preemption clause that states:

> . . .a State [or] political subdivision of a State, . . .may not enact or enforce a law, regulation, or other provision having the force or effect of law related to a price, route or service of an air carrier that may provide air transportation under this subpart."

49 U.S.C. §41713(b)(1); *see also* 49 U.S.C. §41713(b)(4)(A). The Supreme Court has broadly construed this preemption clause, concluding that the "relating to" language means "having a connection with, or reference to, airline 'rates, routes, or services.'" *Wolens,* 513 U.S. at 223; *Onoh v. Nw. Airlines, Inc.,* 613 F.3d 596, 599 (5th Cir. 2010) ("[a]ny state law, including state common law, 'having a connection with or reference to' airline prices, routes, or services is preempted."); *see also Federal Express Corp. v. United States Postal Serv.,* 55 F.Supp.2d 813, 817 (W.D. Tenn. 1999). Thus, only claims that have no connection with or reference to airline rates, routes, or services escape preemption. *Id.* at 818. Further, ADA preemption is not limited to state laws or regulations but includes state common law claims. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 287-89 (5th Cir. 2002).

The ADA preemption analysis breaks down into two sub-questions. First, whether the claim is based on a state "law, regulation, or other provision having the force and effect of law; and second, whether the claim is "related to a price, route, or service of an air carrier." *Brown v. United Airlines, Inc.,* 720 F.3d 60, 63 (1st Cir. 2013). Under the first sub-question, not only are state statutory claims preempted but so are common law claims, such as negligence. *See id.* at 66.

5

("We hold that, to the extent that a state common-law claim relates to a price, route, or service of an air carrier, it is preempted by the ADA."); *see also United Airlines, Inc. v. Mesa Airlines, Inc.* 219 F.3d 605, 607 (7th Cir. 2000) ("State common law counts as an 'other provision having the force and effect of law' for purposes of [ADA preemption].").

In 2014, the Supreme Court resolved all doubt about the ADA's preemptive effect on state common law claims in *Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014). The Supreme Court explained that "state common-law rules fall comfortably within the language of the ADA pre-emption provision. As noted above, the current version of this provision applies to state 'law[s], regulation[s], or other provision[s] having the force and effect of law…,' 49 U.S.C. §41713(b)(1). It is routine to call common-law rules 'provisions.'" *Id*. at 281-282. The Court summed up by explaining:

> Finally, if *all* state common-law rules fell outside the ambit of the ADA's pre-emption provision, we would have had no need in *Wolens* to single out a subcategory of common-law claims, *i.e.,* those based on the parties' voluntary undertaking, as falling outside that provision's coverage. Accordingly, we conclude that the phrase "other provision having the force and effect of law" includes common-law claims.

*Id*. at 284.

Federal court decisions have made it very clear that in a cargo case like this one, a plaintiff's state law claims must be dismissed as preempted by the ADA. *See, e.g., Lyn-Lea Travel,* 283 F.3d at 288 (finding tortious interference claim asserted against an airline as preempted); *Tobin v. Fed. Express Corp.,* 775 F.3d 448, 456 (1st Cir. 2014) (affirming dismissal of common law claims for invasion of privacy, infliction of emotional distress and negligence based on mis-delivery of package); *Headstream Techs, LLC v. FedEx Corp.,* No. 22-1410, 2023 U.S. App. LEXIS 2680, at *10 (6th Cir. Feb. 1, 2023) (upholding ADA dismissal of common law claims for fraud and tortious interference with prospective economic advantage based on late delivery of shipment);

6

*Conservation Force v. Delta Air Lines, Inc.,* 190 F.Supp.3d 606, 611-13 (N.D. Tex. 2016) (dismissing tortious interference with business relations claim as preempted by the ADA based on refusal to transport requested items); *Deerskin Trading Post v. United Parcel Service*, 972 F. Supp. 665, 672 (N.D. Ga. 1997) (Plaintiff's state law claims of statutory fraud, common law fraud, negligence, gross negligence, unjust enrichment and imposition of constructive trust based on overcharging for shipments were all pre-empted by the ADA); *Pa. Ins. Co. v. Fed. Express Corp.,* No. 8:23-CV-274, 2024 U.S. Dist. LEXIS 156221, at *8-9 (D. Neb. Aug. 30, 2024)(dismissing, as preempted, state law claims for negligence, unjust enrichment and civil theft).

    2.    <u>*Plaintiff's Claims Are All State-Law Claims Related to the Core Transportation Service Provided by FedEx*</u>

As discussed, the first part of the ADA preemption analysis asks whether state "law, regulation, or other provision having the force and effect of law" is at issue. *Brown,* 720 F.3d at 63. This includes common law claims. *Ginsberg*, 572 U.S. at 281-82. Plaintiff's causes of action for negligence per se, ordinary negligence, gross negligence and intentional infliction of emotional distress are unquestionably state common law claims subject to ADA preemption. *See Elephant Ins. Co. v. Kenyon,* 644 S.W.3d 137, 144-45 (Tex. 2022) (describing common law origin of negligence cause of action); *Babiy v. Kelley,* No. 05-17-01122-CV, 2019 Tex. App. LEXIS 2097, at *7-8 (Tex. App.—Dallas Mar. 14, 2019, no pet.) (explaining how a statute merely supplants the ordinary care duty in a negligence per se claim); *Hoffmann-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004) (recognizing intentional infliction of emotion distress as a judicially created "gap filler" tort claim); *Tobin,* 775 F.3d at 456 (negligence claim preempted); *Deerskin*, 972 F. Supp. at 672 (negligence and gross negligence claims preempted); *Pa. Ins. Co.*, 2024 U.S. Dist. LEXIS 156221, at *8-9 (negligence claim preempted); *Schoene v. Spirit Airlines, Inc.,* No. 3:22-cv-1568-SI, 2023 U.S. Dist. LEXIS 86350, at *24-26 (D. Or. May 17, 2023) (intentional

7

infliction of emotional distress claim preempted); *Onoh v. Nw. Airlines, Inc.,* No. 3:08-CV-1110-N, 2009 U.S. Dist. LEXIS 155142, at *4-5 (N.D. Tex. Sept. 1, 2009) (same). Similarly, Plaintiffs' claim for violation of Texas Penal Code § 46.14 is clearly based on a state law.

The second part of the ADA preemption analysis focuses on whether the claims at issue are "related to a price, route, or service of an air carrier." *Brown,* 720 F.3d at 63. As a starting point, the ADA defines an "air carrier" as "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation." 40 U.S.C. § 10102(a)(2). Federal Express Corporation is a long-recognized, ADA-qualified air carrier because it operates under a certificate of authority granted by the U.S. Department of Transportation through the Federal Aviation Administration. *See, e.g., Headstream,* 2023 U.S. App. LEXIS 2680, at *6; *Rodger Blanco v. Federal Express*, 741 Fed. Appx. 587, 588 n.1, (10th Cir. 2018); *Samtech Corp. v. Fed. Express Corp.,* No. H-03-0024, 2004 U.S. Dist. LEXIS 27123, at * 4 (S.D. Tex. May 28, 2004); *Cash Am. Pawn, L.P. v. Federal Express Corp.,* 109 F.Supp.2d 513, 515 (N.D. Tex. 2000); *Federal Express Corp. v. United States Postal Serv.,* 55 F.Supp.2d 813, 817 (W.D. Tenn. 1999); *Breitling U.S.A, Inc. v. Federal Express Corp.,* 45 F.Supp.2d 179, 181 (D. Ct. 1999); *see also* Exhibit 1, Affidavit of Donna Moore at ¶ 3 and Ex. A.

Regarding the "related to" prong of the preemption analysis, there can be no legitimate dispute that all of Plaintiffs' claims in this case are related to the delivery services that are the core of what is provided by FedEx. Plaintiffs specifically assert that FedEx did not provide the service they wanted because FedEx did not engage in certain activities related to pre-shipping determination of Ramos's age, and engaged in other improper conduct regarding its alleged shipment of the gun used by Ramos. (*See* Dkt. No. 22-1 at pgs. 3-18). Based on their complaints about the shipping services provided by FedEx, Plaintiffs bring causes of action based solely on

state law for negligence per se, negligence, gross negligence, violation of Texas Penal Code § 46.14 and intentional infliction of emotional distress. (*Id.* at pgs. 7-10 & 18-20).

Because this entire suit is based on Plaintiff's complaints about the alleged manner in which FedEx did, or did not, undertake the delivery of a package, which is the very essence of the service FedEx provides, Plaintiff's state law claims necessarily relate to an airline's prices, routes and services, and are preempted by the ADA.

C.  **Plaintiffs Cannot Bring a Private Cause of Action for a Penal Code Violation**

Even if Plaintiffs' claim for violations of Texas Penal Code § 46.14 was not preempted, this claim must still be dismissed because Texas Penal Code § 46.14 does not give Plaintiffs a private cause of action.

That a person has allegedly "suffered harm from the violation of a statute does not automatically give rise to a private cause of action in favor of that person." *Bickham v. Dallas Cnty.*, 612 S.W.3d 663, 670 (Tex. App.—Dallas 2020, pet. denied). "When a private cause of action is alleged to derive from a constitutional or statutory provision," a court's "duty is to ascertain the drafters' intent." *Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004). "[T]he existence of a private cause of action must be clearly implied in the statutory text." *Tex. Med. Res. LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 431 (Tex. 2023); *see also Brown*, 156 S.W.3d at 563.

The Texas Supreme Court has made clear that "the bar for implying a private cause of action is high." *Molina*, 659 S.W.3d at 431. This is particularly true for penal statutes, which must be strictly construed. *Brown*, 156 S.W.3d at 565; *see also Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (holding that, as a general matter, "the Texas Penal Code does not create private causes of action."); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (same). Nothing in Texas Penal Code

9

§ 46.14 expressly or impliedly grants Plaintiffs the right to bring a civil action for damages.[3] Plaintiffs' claims against FedEx for alleged violations of Texas Penal Code § 46.14 must, therefore, be dismissed.

Federal law is equally clear that "[f]ederal criminal statutes do not create private causes of action." *Woods v. Lange*, No. 6:23-CV-00330, 2023 WL 8723229, at *2 (W.D. Tex. Nov. 27, 2023), *report and recommendation adopted*, 2023 WL 8723203; *see also Perry v. Lockhart, Morris & Montgomery, Inc.*, No. 3:24-cv-00021, at *6 (Apr. 26, 2024), *report and recommendation adopted*, 2024 WL 2193404 ("It is well-settled that criminal statutes do not create private causes of action.") (citing *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981)). Thus, to the extent Plaintiffs also attempt to bring a civil damages action directly under 18 U.S.C. § 922, this claim must also be dismissed.

**D.   The Adult Plaintiff's Claims are Barred by the Applicable Statute of Limitations**

Similarly, even if their claims were not preempted, the Adult Plaintiff's claims should be dismissed because they are barred by Texas's two-year statute of limitations. This is because Plaintiffs failed to timely name FedEx before the applicable limitations period expired and subsequently failed to diligently serve FedEx. See TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Importantly, FedEx was not even named in this lawsuit until August 9, 2024, which was well after the expiration of the two-year limitations period for filing injury-based claims under Texas law. See id.; see also Dkt. No. 13. Because the Adult Plaintiffs are only seeking damages for emotional distress and/or bodily injury, their claims all must have been filed no later than two years from the date of the event causing their distress/injury, which they allege accrued on May

---

[3]   Compare, by contrast, Tex. Code Crim. Proc. art. 18A.502(1), which expressly grants "a civil cause of action" to "[a] person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of" Chapter 16 of the Texas Penal Code.

24, 2022. See TEX. CIV. PRAC. & REM. CODE § 16.003(a) and Dkt. No. 22-1, pg. 3. Moreover, even if the August 9, 2024 amendment naming FedEx relates back to the original filing of this suit, Plaintiffs failed to effectuate service on FedEx for three months, and did not undertake any effort in the meantime to have FedEx served with the lawsuit. See Dkt. No. 17. Plaintiffs never requested a citation be issued when this case was pending in state court and, subsequent to its removal, never requested or issued a summons to serve on FedEx. The delay in naming and serving FedEx with the lawsuit is fatal to the Adult Plaintiffs claims.

Although FedEx was not named in this suit until after the limitations period passed, even if the Court considers this suit timely as to FedEx, Texas law is clear that a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970); *Rojas v. Citimortgage, Inc.*, No. 13-16-00257-CV, 2017 Tex. App. LEXIS 8729, at *9 (Tex. App.—Corpus Christi Sept. 14, 2017, no pet.); *Prolux v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). When a defendant asserts a limitation defense and shows that service was not timely, the burden shifts to the plaintiff to prove diligence in effectuating service on the defendant. See Rojas, 2017 Tex. App. LEXIS 8729, at *9. The plaintiff then carries the burden to present evidence regarding efforts made to serve the defendant and to explain every lapse in effort or period of delay. Id. at *9-10 (quoting Prolux, 235 S.W.3d at 216); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

While the existence of due diligence can be a fact question, it can also be determined as a matter of law if the plaintiff offers no valid excuse for lack of service or if the lapse in time, along with plaintiff's actions or inaction, conclusively negate service. *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ). An excuse as to why a plaintiff did nothing, as opposed to an explanation of the actual steps taken to effectuate service, does not raise a fact

11

question on the issue of diligence. *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.).

Here, the Adult Plaintiffs' claims against FedEx are time barred because the Adult Plaintiffs unreasonably delayed naming and then serving FedEx with this suit well beyond the applicable limitations period. Further, the Adult Plaintiffs undertook no diligence to serve FedEx for three months, and cannot explain the lapse in effort to serve FedEx. Thus, at a minimum, the Adult Plaintiffs' claims should be dismissed with prejudice.

## IV.   CONCLUSION AND PRAYER

FedEx requests that this Motion to Dismiss be granted and that all of Plaintiffs' claims be dismissed. FedEx requests all further and other relief in law and equity to which it is justly entitled.

Respectfully submitted,

*/s/ Jason R. Bernhardt*
Jason R. Bernhardt
Texas Bar No. 24045488
Federal Express Corporation
3620 Hacks Cross Road
Building B - 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-3213
Facsimile: (901) 434-9279
jasonbernhardt@fedex.com

James G. Ruiz
Texas Bar No. 17385860
jruiz@winstead.com
Elin Isenhower
Texas Bar No. 24104206
eisenhower@winstead.com
600 W. 5th Street, Suite 900
Austin, Texas 78701
(512) 370 2800
(512) 370 2850 (fax)

**Counsel for Federal Express Corporation**

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 28, 2024, a true and correct copy of this motion was electronically served on all counsel of record via the Court's CM/ECF system.

                */s/ Jason Bernhardt*
                 Jason Bernhardt